THE CITY SAVINGS BANK vs. LOUIS KUTSCHER AND OTHERS.

While a suit for the foreclosure of a mortgage was pending an act was passed providing that appraisers might be appointed by the court in such suits, who should appraise the property within ten days after the foreclosure took effect, and that their appraisal should be conclusive as to the value of the property, with a provision that the act should not affect any suit then pending. After the passage of the act the plaintiff in the suit filed a supplemental bill and cited certain new parties in as defendants. The bill had been against the owners of the equity alone ; the new defendants were the makers of the mortgage note. A decree of foreclosure was passed, and the court at the instance of the plaintiff, and without objection on the part of the defendants, ap-

pointed appraisers, who made a report to the court of the value of the property within ten days after the decree became absolute.   Held—

1.  That the suit was to be regarded as pending when the act was passed, and so was not affected by it ; and this although the original suit was for a foreclosure upon the non-payment of interest and the supplemental bill alleged that the principal of the debt had then become due.

2.  And that it was to be so regarded not merely as against the parties made defendants by the original bill, but as against the parties brought in as defendants by the supplemental bill.

3.  That the appraisal was not binding on the plaintiff by reason of the appraisers having been appointed at his instance, nor because of the assent of both parties to their appointment.

[Argued October 29th, 1884—decided January 24th, 1885.]

SUIT to foreclose a judgment lien, brought to the Superior Court, and heard before *Beardsley, J.*  Facts found and judgment rendered for the defendants.   Appeal by the plaintiffs.   The case is sufficiently stated in the opinion.

*J. S. Beach* and *D. F. Hollister*, for the appellant.

*D. B. Lockwood* and *G. Stoddard*, for the appellees.

CARPENTER, J.   In November, 1877, the plaintiff, having a note secured by a mortgage of real estate, brought a suit for a foreclosure againt the Bridgeport Schutzen Verein Company, the owner of the equity of redemption.   In June, 1878, by a supplemental bill the makers of the note, among whom were the present defendants, were cited in and made respondents.   In January, 1882, a judgment of foreclosure was rendered, limiting the time for redeeming to July 20th, 1882.   On motion of the plaintiffs the court appointed appraisers to appraise the property mortgaged, and the appraisal was made within ten days after the decree became absolute.   The plaintiff filed a judgment lien on real estate belonging to the defendants, and this suit is brought to foreclose that lien.

The answer sets up the appraisal, and a tender of the balance, including costs.

On the trial in the court below the defendants offered in evidence the appraisal, to which the plaintiff objected on

the ground, first, that the appraisal was not authorized by the statute, and second, that it was signed by only two of the three appraisers. The court received the evidence, held the appraisal valid, and rendered judgment for the defendants. The plaintiff appealed.

Prior to March 27th, 1878, the statute, (Revision of 1875, p. 358, sec. 2,) permitted a mortgage creditor, after foreclosure, when the property mortgaged was insufficient in value to satisfy the claim, to bring a suit; and provided that the suit should not open the foreclosure, but that the court should ascertain the value of the property at the expiration of the time limited for redemption, and that the plaintiff should recover only the difference between such value and the amount of his claim. On that day an act was passed, which took effect on its passage, which provided that any party to a foreclosure suit might move for an appraisal, and made it the duty of the court to appoint three appraisers who should appraise the property within ten days after the foreclosure took effect, and that that appraisal should be conclusive as to the value of the property. The last section of the act provides that it shall not affect any suit then pending. The question is, which of these two acts applies to this case; and that depends upon the further question, whether the foreclosure suit was pending within the meaning of the act when the latter took effect. It is not denied that it was pending against the owner of the equity of redemption; but it is insisted that it was not pending against these defendants, and therefore not within the exception.

The object of that suit was a foreclosure. The defendants were not necessary parties to it; a valid decree effectually extinguishing the equity of redemption could have been passed without them; and with them, under the old law, no interest of theirs was affected, except perhaps that the amount of the debt was conclusively ascertained. For all practical purposes the suit was pending. The first section of the act of 1878 provides that a foreclosure shall be a bar to a further suit on the mortgage debt unless the

person liable for the payment thereof is made a party to such foreclosure. Now suppose the defendants had not been made parties at all; can there be any doubt about their liability for the balance of the debt under the old law? Is it not clear that the foreclosure suit would have been within the exempting clause of the third section? Was not the suit clearly pending? And is it any the less so from the fact that the defendants were subsequently made parties?

The defendants' counsel suggested that the defendants cited in by the supplemental bill, were cited in to defend, not against the cause of action in the original bill, but a new and distinct cause of action that had then just accrued to the plaintiff, to wit, the principal of the $9,000 note which had then just fallen due. It is difficult to see how this strengthens the defendants' position, even if it is strictly true; for admitting it to be so, still the foreclosure suit was pending. But the claim is hardly correct in its facts. The supplemental bill is not in form a proceeding to recover money directly, and no judgment of that character was in fact rendered. The proceeding after the supplemental bill was filed was but one suit, and it remained essentially the same that it was before—a petition for a foreclosure; the only difference being that it asked for a foreclosure for the whole indebteness then due, principal and interest, whereas originally it sought to foreclose only for interest due.

It was claimed that the suits referred to in the third section of the act are suits to recover the balance of the debts, and not foreclosure suits. This cannot be so. The act not only contemplates, but expressly mentions, both classes of suits. The third section makes no distinction; it clearly comprehends both. The language is—"this act * * * shall not affect any suit now pending."

We conclude therefore that the foreclosure suit was pending when the act of 1878 took effect, and that this case is governed by the law as it previously stood.

But the defendants further contend that the appraisers

were appointed at the instance of the plaintiff, and that the plaintiff is not now at liberty to repudiate their doings; and further, that it may be regarded as an agreement by the parties (the defendants not objecting) to submit the question of valuation to the decision of the appraisers. It is quite possible that both parties supposed that the act of 1878 governed the case, but that does not make it so. The proceeding nevertheless was unauthorized by law and not binding upon either party. The appraisal can have no force as an award upon a submission by agreement. Neither party intended that, and neither supposed that that was the nature of the transaction. And if they did, the appraisal was not binding as an award, being signed by only two of the three appraisers, there being no agreement that two might make a valid award.

The principle that when the court has jurisdiction of the parties and of the subject matter its orders and decrees are binding until reversed, has no application. The subject matter, the appraisal of the land, was not within the jurisdiction of the court; and for that purpose the court had no jurisdiction of the parties.

It is hardly true that excepting pending suits from the operation of the statute is for the benefit of the parties, and therefore a matter that may be waived; it is rather a matter peculiarly within the province of the legislature to determine how far and in what cases the act shall operate. The act takes effect according to the expressed will of the legislature and not by any act of the parties.

As the law did not authorize an appraisal the question whether all the appraisers should concur is unimportant and will not be considered.

The judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.